Steven Richards NORDGREN, Douglas
Yoakam, Ray Dodge and John C.
Bolsinger, Plaintiffs-Appellants,

v.

William MILLIKEN, et al.,
Defendants-Appellees.

No. 82–1668.

United States Court of Appeals,
Tenth Circuit.

May 20, 1985.

Brian M. Barnard, Salt Lake City, Utah
(John W. Porter, Salt Lake City, Utah, was
also on the brief), for plaintiffs-appellants.

Douglas C. Richards, Asst. Atty. Gen.,
Salt Lake City, Utah (David L. Wilkinson,
Atty. Gen., Salt Lake City, Utah, was also
on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, BAR-
RETT, Circuit Judge, and BOHANON, Dis-
trict Judge.*

HOLLOWAY, Chief Judge.

In this civil rights action plaintiffs, indi-
gent Utah prison inmates, allege that dur-
ing their incarceration they were denied
their right to meaningful access to the
courts in violation of the Due Process and
Equal Protection Clauses of the Fourteenth
Amendment. Summary judgment was en-
tered in favor of defendants and plaintiffs
appeal. We affirm.

I

Plaintiffs are involved in legal actions
which they are attempting to prosecute or
defend pro se. Specifically plaintiff Nord-
gren claims that he is the defendant in a
paternity suit and that he is the plaintiff in
a federal civil rights action brought against
the Salt Lake County Jail and the County
Sheriff which was dismissed, appealed, re-
manded and is pending in the United States
District Court for the District of Utah.

Plaintiff Yoakam alleges that he is seek-
ing to modify his divorce decree and that
he has filed an action against Salt Lake
County and various officers thereof for
conversion of his guns. Plaintiff Dodge
claims that he has several cases pending in
the United States District Court in the na-
ture of civil rights actions against the staff

* The Honorable Luther L. Bohanon, United
States District Judge of the Eastern, Northern
and Western Districts of Oklahoma, sitting by
designation.

of the Utah State Prison as a result of due process and/or cruel and unusual punishment violations. Plaintiff Bolsinger claims that he has several actions pending in the United States District Court in the nature of civil rights actions against the staff of the Salt Lake County jail and other county officials as a result of the treatment he received while incarcerated in the County Jail. I.R. 156–64.

Plaintiffs say that they petitioned the trial courts on various occasions to appoint legal counsel to represent them beyond the initial stages and these courts refused to do so. *Id.* at 157.[1] Plaintiffs also say that two legal aid organizations in Salt Lake County will not assist them, *id.* at 173, and that defendants have refused to provide a law library or provide legal assistance beyond assisting plaintiffs in filing the initial pro se pleadings. *Id.* at 157.

The United States magistrate in his report and recommendation on the parties' motions for summary judgment found that "[t]he State of Utah has elected to provide at the prison minimal law library facilities and services of contract attorneys to assist inmates in preparing pleadings to initiate court actions and proceedings."[2] *Id.* at 233. The magistrate also found that "[t]here is no constitutional requirement that the assistance of lawyers be provided to the plaintiffs by the defendants in the defense or prosecution of civil actions beyond the pleading stage." *Id.* at 239. This report of the magistrate was accepted and defendants' motion for summary judgment

---

1. In *Nordgren v. Mitchell,* 716 F.2d 1335, 1339–40 (10th Cir.1983), we held that neither due process nor equal protection requires Utah to appoint counsel for all indigent prisoners who are defendants in paternity cases.

2. The magistrate cited the following provisions of the contract between the State Division of Corrections and the contracting firm as being pertinent:

"Whereas, the DIVISION ... recognizes the need to provide additional legal assistance to prisoners of the Utah State Prison in the preparation and filing of initial legal documents in any civil matters (state or federal) other than those handled by the Salt Lake Legal Defender Association, including but not limited to civil rights actions, divorce, child custody, guardianship, and tort liability actions ...

.     .     .     .     .

"(4) LAW FIRM agrees to provide attorneys who shall provide legal advice, consultation, and assistance to inmates regarding the preparation and filing of initial pleadings in those civil actions referred to above. In cases determined to be meritorious and founded in law, attorneys provided by LAW FIRM shall have discretion in determining which cases are appropriate for court-appointed counsel, and in those cases shall prepare and file motions to the court for court appointed counsel and motions to proceed in forma pauperis. In cases not appropriate for court appointed counsel or where the inmate is not indigent, or where the court declines to appoint counsel, he/she shall be referred to private counsel. Attorneys provided by LAW FIRM shall make good faith efforts to attempt to secure counsel, through court appointment, private counsel, or legal aid agencies, to pursue legal matters after the initial pleadings. In the performance of all obligations under this contract, attorneys provided by LAW FIRM shall conform to the requirements imposed on them by the applicable laws of the State of Utah and the Code of Professional Responsibility.

.     .     .     .     .

"Nothing herein shall preclude attorneys provided by LAW FIRM in their discretion from representing inmates at later stages of the proceedings in those civil actions filed; however, monies appropriated by the DIVISION under this contract are strictly for purposes of initial consultation, preparation and filing of initial pleadings and are not to be expended by LAW FIRM for providing attorneys to furnish legal assistance to inmates at later stages of any legal proceedings. Attorneys provided by LAW FIRM shall not be obligated to represent inmates at later stages of the process in those civil actions filed." I R. 234.

The Utah State Department of Social Services, Division of Corrections, and the Salt Lake Legal Defender Association entered into a contract whereby the Salt Lake Legal Defender Association agreed to provide "legal assistance to prisoners (1) in preparation, filing and representing persons on writs of habeas corpus in the Third Judicial District Court and appeals in the Utah Supreme Court, and (2) in the preparation and filing of petitions for writs of habeas corpus in the United States District Court, District of Utah, Central Division, and (3) in advising them of any rights and appropriate procedures to perfect any appeals of their criminal convictions in the Utah Supreme Court." *Id.* at 226–27. These contracts were in force for the years 1981 and 1982 and similar contracts were in force for the year 1980. *Id.* at 217.

was granted by the district judge. *Id.* at 245–48.

## II

Plaintiffs argue on appeal that defendants have refused to maintain an adequate and complete law library at the Utah State Prison so that they can properly represent themselves and that there is no adequate alternative to a law library to provide Utah prison inmates with meaningful access to the courts. Plaintiffs say that meaningful access to the courts entails legal assistance at all stages of judicial proceedings at the trial level, not just the initial pleading stage; that legal assistance must be available to prison inmates for all types of civil cases; and that legal assistance must be provided to inmates regardless of whether their claims are deemed meritorious by prison officials.

Defendants say that they do not claim to have an adequate law library at the prison. Brief of Appellees 3. They contend, however, that there is an adequate alternative to a law library which provides inmates at the Utah State Prison with meaningful access to the courts. They say that the obligation of the State to provide meaningful access to the courts is satisfied through the services of contract attorneys; that there is no constitutional requirement that the assistance of attorneys be provided to inmates in the defense or prosecution of civil actions beyond the initial pleading stage; and that what is "meaningful" access to the courts must be considered in light of "reasonableness" in the prison setting, giving deference to prison administrators' discretion.

"The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." *Ryland v. Shapiro,* 708 F.2d 967, 971 (5th Cir.1983). Referring to *Chambers v. Baltimore & Ohio Railroad Co.,* 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907),

the *Ryland* court stated that the Supreme Court "viewed the right of access to the courts as one of the privileges and immunities accorded citizens under article 4 of the Constitution and the fourteenth amendment." *Ryland,* 708 F.2d at 971. The Court found "in the first amendment a second constitutional basis for this right of access: 'Certainly the right to petition extends to all departments of Government. The right of access to the courts is indeed but one aspect of the right of petition.'" *Id.* (citing *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972)). "A third constitutional basis for the right of access to the courts is found in the due process clause." *Id.* at 972. In *Wolff v. McDonnell,* 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974), the Supreme Court stated that "[t]he right of access to the courts, upon which *Avery* [*Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)] was premised, is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." [3]

Access to the courts "encompasses all the means a defendant or petitioner might require to get a fair hearing from the judiciary on all charges brought against him or grievances alleged by him." *Gilmore v. Lynch,* 319 F.Supp. 105, 110 (N.D.Cal. 1970), *aff'd sub nom, Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971) (per curiam). That a state prison inmate has a right of access to the courts was first enunciated in *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). Annot., 23 A.L.R. Fed. 1, 14 (1975). There the Supreme Court stated that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." *Ex parte Hull,* 312 U.S. 546, 549, 61 S.Ct. 640, 641, 85 L.Ed. 1034 (1941). In *Johnson v. Avery,*

---

**3.** We note that plaintiffs also allege a denial of their right to meaningful access to the courts in violation of the Equal Protection Clause of the Fourteenth Amendment. We find no reasoning or authority presented by plaintiffs to support this theory.

393 U.S. 483, 490, 89 S.Ct. 747, 751, 21 L.Ed.2d 718 (1969), the Court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation ... barring inmates from furnishing such assistance to other prisoners." (footnote omitted). And in *Wolff,* 418 U.S. at 579, 94 S.Ct. at 2986, the Court stated that "the demarcation line between civil rights actions and habeas petitions is not always clear. The Court has already recognized instances where the same constitutional rights might be redressed under either form of relief."

In *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), the Supreme Court defined the duty of the States to protect the right of prisoners to access to the courts by holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (footnote omitted). *See Ward v. Kort,* 762 F.2d 856 (10th Cir.1985), filed today. Because defendants do not claim that they have an adequate law library at the prison, Brief of Appellees 3, we must determine whether the State of Utah provides prison inmates with adequate assistance from persons trained in the law. *Ward v. Kort, supra.*

Plaintiffs contend that meaningful access to the courts entails legal assistance at all stages of judicial proceedings at the trial level, not just the initial pleading stage. Defendants deny that there is any constitutional requirement of such extensive assistance by attorneys. In *Wolff,* 418 U.S. at 576, 94 S.Ct. at 2984, the Supreme Court stated that "the Fourteenth Amendment due process claim based on access to the courts, *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), has not been extended by this Court

to apply further than protecting the ability of an inmate to prepare a petition or complaint." In *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498, the Court held that the "right of access to the courts requires prison authorities to assist inmates in the *preparation and filing of meaningful legal papers ....*" (emphasis added). And the Court stated that "... our main concern here is 'protecting the ability of an inmate to prepare a petition or complaint,' *Wolff v. McDonnell,* 418 U.S., at 576 [94 S.Ct., at 2984]...." *Id.* at 828 n. 17, 97 S.Ct. at 1498 n. 17; *Ward v. Kort, supra,* at 859.

Most courts have not interpreted *Bounds* as extending the right of access to the courts so as to require special assistance to inmates further than the initial pleading stage. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 471 n. 4, 101 S.Ct. 2460, 2467 n. 4, 69 L.Ed.2d 158 (1981) (Stevens, J., dissenting, and citing *Bounds,* stated that the Constitution has been applied to issues affecting prisoners including "right to assistance in the filing of legal papers."); *Branch v. Cole,* 686 F.2d 264, 266 n. 1 (5th Cir.1982) (per curiam) (the explicit concern of *Bounds* "was getting inmates through the courtroom door."); *Ramos v. Lamm,* 639 F.2d 559, 584 n. 29 (10th Cir.1980) (in considering whether alternative to law library was adequate, court found evidence failed to show that inmate law library clerks were capable of helping any inmate draft a legal document), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Cruz v. Hauck,* 627 F.2d 710, 721 n. 22 (5th Cir.1980) ("[I]nmates are entitled to either access to legal materials or access to counsel for assistance in *filing* habeas corpus and civil rights actions. 430 U.S. at 825–29 [97 S.Ct. at 1496–98].''); *Cf. Carter v. Kamka,* 515 F.Supp. 825, 831 (D.Md.1980) (Legal Assistance Program met "the 'adequacy' requirement, not only in 'the preparation and filing of meaningful legal papers', as required by *Bounds,* but in the entire gamut of representing D O C inmates in civil rights cases, and habeas corpus cases as well.''). *But see Bonner v. City of Prichard, Ala.,* 661

F.2d 1206, 1212 (11th Cir.1981) (en banc) (Inmate access to the courts is not "adequate, effective and meaningful" if "it embraces no more than being permitted to file a paper that, without determination of whether it states a claim legally sufficient and within the court's jurisdiction, is subject to dismissal on grounds of convenience to court and litigants.").

■ We are mindful of the significant claim involved here and its central importance in the protection of all rights of prisoners. Nevertheless in light of the substantial effort already made by the State and the extent of the burden in requiring more, we are persuaded that we should not hold that the right of access to the courts requires more than the assistance of counsel through completion of the complaint for a federal habeas or civil rights action. *Ward v. Kort, supra,* at 860.

### III

■ Plaintiffs also argue that legal assistance must be provided inmates without regard to a determination by prison officials that their claims are meritorious. Plaintiffs say that under defendants' plan no assistance need be given to an inmate on motions to proceed *in forma pauperis* or motions to appoint counsel where the contracting law firm determines the inmate's case to be unmeritorious. Brief of Appellant 23. Defendants argue that the law firm only has discretion in determining which cases are appropriate for court-appointed counsel and that they will apply for appointment of counsel for inmates when appropriate. They maintain that there is no discretion involved in the preparation of initial pleadings; if the inmate wants to file a complaint, the law firm is bound to help draft the complaint. Brief of Appellees 11.

In *Ex parte Hull,* 312 U.S. at 549, 61 S.Ct. at 641, the Supreme Court held that a regulation is invalid that imposes a screening process between an inmate and the court. The Court stated that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus. Whether a petition for writ of habeas corpus addressed to a federal court is properly drawn and what allegations it must contain are questions for that court alone to determine." *Id.* We find that procedures followed by the law firm determine only which cases are appropriate for court-appointed counsel and which should be referred to private counsel. *See* note 2, *supra.* These procedures do not violate the principles laid down by the Supreme Court and do not infringe the right of access to the courts.[4]

### IV

Accordingly, we conclude that plaintiffs have not shown any constitutional infirmity in the procedures used by the State of Utah amounting to a denial of access to the courts. The agreements with the law firm and the legal defender association, *see* note 2, *supra,* protect the inmates' basic right of access to the courts in connection with both federal habeas and civil rights cases, which is of primary concern. *See Ward v. Kort, supra,* at 860.

AFFIRMED.

---

**4.** Plaintiffs also contend that a law library or legal assistance must be available to prison inmates for all types of civil cases. Brief of Appellants 21. The argument seems to have no factual basis because in the contract with the Utah State Department of Social Services, Division of Corrections, the law firm agreed to provide "legal advice, consultation and assistance to inmates regarding the preparation and filing of initial pleadings" "in any civil matters (state or federal) other than those handled by the Salt Lake Legal Defender Association, including but not limited to civil rights actions, divorce, child custody, guardianship, and tort liability actions." I R. 220–21.

In *Ward v. Kort, supra,* at 860, we hold that where the State elects to have contract attorneys as an alternative to an adequate law library, plaintiff is entitled to assistance of counsel through the completion of a federal habeas or civil rights complaint, including necessary research and consideration of the facts and the law.