823 F.2d 397
 Daniel Howard BEE, Plaintiff-Appellant,
v.
UTAH STATE PRISON; Kenneth Schulsen, as Warden of Utah
State Prison; William Milliken, as Director of Utah State
Div. of Corrections; Barbara R. Burnett, Ladd Christensen,
Rev. France A. Davis, Dr. Jean B. White, Dr. Bart Wolthuis,
Aaron H. Flores, and Ronald Boyce, as members of Board of
Corrections of State of Utah; and State of Utah,
Defendants-Appellees.
 No. 85-2528.
 United States Court of Appeals,
Tenth Circuit.
 July 10, 1987.
 
 Brian M. Barnard, Utah Legal Clinic, Salt Lake City, Utah, for plaintiff-appellant.
 Brent A. Burnett, Asst. Atty. Gen. (David L. Wilkinson, Atty. Gen., and William T. Evans, Asst. Atty. Gen., with him, on brief), Salt Lake City, Utah, for defendants-appellees.
 Before LOGAN, SEYMOUR, and BALDOCK, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Daniel Howard Bee, an inmate of the Utah State Prison, brought this action for damages and declaratory and injunctive relief against the prison and various Utah state officials, claiming that defendants' failure to provide him with adequate legal assistance denied him his constitutional right of access to the courts.[1] The trial court denied Bee's request for class certification and then granted defendants' motions for summary judgment. On appeal, Bee contends that (1) the prison's legal assistance program was inadequate to meet his special needs as an illiterate, and (2) the trial court improperly refused to certify a class of indigent, functionally illiterate inmates. We conclude that the legal assistance program at the prison adequately protected Bee's right of access to the courts. We therefore affirm the trial court's summary judgment order. Because of our ruling on this issue, we need not decide whether the request for class certification was improperly denied.
 
 I.
 
 2
 At the time this action was filed, plaintiff was an inmate at the Utah State Prison and was without sufficient funds to secure the assistance of counsel. Bee is able to read only a few very simple words and able to write only his name. Defendants concede that he is functionally illiterate. During his incarceration, Bee filed several civil rights actions, challenging various conditions of his confinement. He argues in the present suit that the prison failed to provide him with adequate assistance in pursuing these claims.
 
 
 3
 In lieu of a law library, the prison has contracted with a private law firm to provide legal counseling to inmates and to assist in the preparation and filing of pro se civil pleadings. Inmates are provided with legal assistance only through the initial pleading stage of their suits. They are not furnished with attorneys who appear as counsel of record in their civil actions.
 
 
 4
 In addition to receiving assistance from the private law firm in preparing and filing his complaints, plaintiff received some help in reading and responding to other documents filed in his suits. This aid came primarily from non-lawyer prison officials and from other inmates. Plaintiff contends, however, that the assistance from prison officials produced a conflict of interest and that the help from inmates was undependable and available only at the cost of giving up food, money, and other consideration.
 
 II.
 
 5
 An indigent state prison inmate has a constitutional right of access to the courts. See, e.g., Bounds v. Smith, 430 U.S. 817, 821-22, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72 (1977). In Bounds, the Supreme Court held that this right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828, 97 S.Ct. at 1498. The Court has emphasized that it has not extended the right of access "further than protecting the ability of an inmate to prepare a petition or complaint." Wolff v. McDonnell, 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974); see also Bounds, 430 U.S. at 828 n. 17, 97 S.Ct. at 1498 n. 17 ("our main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' ") (quoting Wolff ).
 
 
 6
 In an attempt to comply with the constitutional mandate of Bounds, the Utah State Prison established the legal assistance program described previously. This court was faced with a challenge to the prison's assistance program in Nordgren v. Milliken, 762 F.2d 851 (10th Cir.), cert. denied, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). In Nordgren, several inmates claimed that the program failed to protect their right of access because it did not provide the assistance of counsel beyond the preparation and filing of the initial pleadings in their suits. Id. at 852. The inmates argued that meaningful access to the courts requires the state to provide counsel at all stages of trial court proceedings, not just at the initial pleading stage. Id. at 854. After reviewing the Supreme Court right-of-access cases, we rejected the inmates' argument and concluded as follows:
 
 
 7
 "[W]e are persuaded that we should not hold that the right of access to the courts requires more than the assistance of counsel through completion of the complaint for a federal habeas or civil rights action."
 
 
 8
 Id. at 855. Accordingly, we held that the inmates had not shown any constitutional infirmities in the prison's program. Id.
 
 
 9
 Bee contends that the program is nevertheless inadequate to protect the right of access of an indigent inmate who is also illiterate. His argument in essence is that his ability to pursue his claims after the initial pleading stage was substantially impaired because he is illiterate. He asserts that his illiteracy forced him to rely on the inadequate assistance of prison officials and other inmates to read and respond to court documents.
 
 
 10
 Although we agree with plaintiff that his litigation abilities may not equal those of a literate inmate, that fact makes him no different than a non-prisoner who is illiterate. In Hooks v. Wainwright, 775 F.2d 1433 (11th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986), the court noted this problem in determining that prisoners are not entitled to legal assistance in addition to a law library:
 
 
 11
 "Bounds was the culmination of a series of cases holding that imprisonment should not deprive persons of access to courts....
 
 
 12
 "All of these decisions simply removed barriers to court access that imprisonment or indigency erected. They in effect tended to place prisoners in the same position as non-prisoners and indigent prisoners in the same position as non-indigent prisoners. Having held that inmates can represent themselves, if able to do so, and can help other inmates who are not so able, it was but a small step to hold that such able inmates, who presumably would have access to libraries but for imprisonment, must be given access to libraries in prison, or access to people who have access to libraries. This is a far cry from constitutionally requiring the state to provide legal counsel for the imprisoned, not available as a matter of constitutional right to the unimprisoned in civil cases.
 
 
 13
 "The district court was commendably compassionate for the plight of prisoners and their difficulty in getting proper legal help. But prisoners are not alone in that situation. Vast numbers of the unimprisoned, both convicted and unconvicted, can make a similar case for the need of legal counsel, but to date no constitutional obligation of the state to provide that help has been articulated. There is no indication that Bounds intended to take that giant step."
 
 
 14
 Id. at 1436-37 (emphasis added).
 
 
 15
 The Utah prison's legal assistance program adequately assists all inmates in the preparation and filing of initial pleadings. Through that stage, the program places literate and illiterate inmates on equal footing and provides them access to the courts. We are bound by our decision in Nordgren that legal assistance is not constitutionally required beyond that point.
 
 
 16
 We emphasize in reaching this conclusion that a district court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. Sec. 1915(d) (1982). See Ward v. Kort, 762 F.2d 856, 861 (10th Cir.1985). Once an inmate gains access to the court through a properly prepared and filed initial pleading, the court will then be in a position to determine whether the claim has any merit and whether the issues raised are unusually complex. In deciding whether to appoint counsel, the court may consider the ability of an illiterate plaintiff to present his case. Cf. McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir.1985) (per curiam).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Plaintiff has since been released on parole, thereby mooting all but his claim for damages