982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph A. BONACCI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-9023.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1992.
 
 Before TACHA and McWILLIAMS, Circuit Judges, and EARL E. O'CONNOR, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 The Commissioner of Internal Revenue ("IRS") notified petitioner-appellant Bonacci ("taxpayer") that he owed federal income tax deficiencies and additions to tax for the years 1979 through 1984. Taxpayer petitioned the United States Tax Court for review of the IRS's determinations. Following trial, the Tax Court entered a decision on December 8, 1989 sustaining the income tax deficiencies and additions to tax. The Tax Court denied the taxpayer's motion to vacate the decision on January 26, 1990.
 
 
 2
 Mr. Bonacci filed a notice of appeal to the United States Court of Appeals for the District of Columbia Circuit on April 16, 1990. The District of Columbia Circuit granted an IRS motion to transfer the appeal to this court on December 5, 1991. On appeal, Taxpayer requests a new trial, claiming violations of his right to meaningful access to the courts and his right to cross examine a witness--IRS Special Agent Larry Burnett. We exercise jurisdiction under 26 U.S.C. § 7482(a) and affirm.
 
 I.
 
 3
 Taxpayer failed to file timely tax returns for the years 1979 through 1983. An organized crime drug enforcement task force investigated petitioner's activities from 1983 until June, 1985, when it presented its information to a grand jury. The task force consisted of agents from the IRS, the Federal Bureau of Investigation (FBI), the Drug Enforcement Agency (DEA), and various state and local agencies. A grand jury indicted the taxpayer on June 27, 1985. On June 28, 1985, a United States Magistrate Judge issued a search warrant that was supported by two affidavits, one of which was prepared by Agent Burnett. After the search warrant was executed on July 1, 1985, the taxpayer's seized records were made available to the IRS.
 
 
 4
 On July 8, 1985, the IRS mailed the taxpayer a notice of jeopardy assessment for the years 1979 through 1984. On July 10, 1985, a grand jury issued a second indictment. Taxpayer was arrested and detained in a Utah jail when the IRS issued its statutory notice of deficiency on September 4, 1985. Taxpayer petitioned the Tax Court for review on November 29, 1985. On January 9, 1986, Bonacci pled guilty to four counts of the two indictments, including two counts for illegal possession and distribution of drugs. He received a ten-year sentence and was incarcerated in Texas. He was transferred from Texas to Utah to attend the Tax Court trial.
 
 
 5
 When the taxpayer's trial began on January 8, 1987, he appeared pro se and asserted that he was not prepared to proceed because the Texas prison provided him inadequate access to his own files, a law library, a telephone, a typewriter, and visitors. The court continued the trial until March 11, 1987 to give Mr. Bonacci time to prepare and told him to notify the court if he had trouble accessing his documents or otherwise preparing his case.
 
 
 6
 Before the trial adjourned, however, the IRS called three witnesses. The first witness was Agent Burnett. After Burnett gave his name, business address, and length of employment with the IRS, the court interrupted and indicated it would prefer that the IRS proceed with witnesses from out of state or those whose testimony would help Mr. Bonacci evaluate settlement prospects. The court indicated that Mr. Bonacci could postpone his cross-examination until the trial resumed. FBI Special Agent Brent Palmer was not called to testify.
 
 
 7
 After the trial recessed in January, the taxpayer was incarcerated in Oklahoma until the trial resumed. During this interim period, the taxpayer moved to exclude the testimony of Agents Burnett and Palmer. When the trial resumed on March 11, 1987, Bonacci inquired about the status of his motion. The court responded:
 
 
 8
 With regard to witnesses Palmer and Burnett, we will address the relevancy of their testimony, the appropriateness of their testimony, if and when they are called during the course of the trial. You can object at the time they are called, if they are called, and state your grounds therefor at that time.
 
 II.
 
 9
 Mr. Bonacci argues first that he was denied access to the courts because of the conditions of his incarceration while he was preparing for trial. In particular, the taxpayer claims that he was denied adequate access to his own records, a copy machine, and a telephone to make noncollect calls.
 
 
 10
 It is well established that inmates have a constitutional right to adequate, effective, and meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 822 (1977); Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). This right encompasses all the means required for a fair hearing. Nordgren v. Milliken, 762 F.2d 851, 853, cert. denied, 474 U.S. 1032 (1985). The record indicates that none of the taxpayer's rights were violated. The judge continued the trial to allow the taxpayer more time to review his own records and prepare for trial. During the interim period before the trial resumed, some of the taxpayer's documents were mailed to Oklahoma where he was incarcerated and other documents were in his daughter's custody and could have been mailed to him. After the trial resumed, the court arranged for Bonacci's relevant documents to be copied and allowed Bonacci to submit documents after the trial to supplement the file. The taxpayer filed several motions and received a full and fair hearing at which he called a number of witnesses and filed several exhibits.
 
 
 11
 Taxpayer also argues that he was denied the right to cross-examine Agent Burnett. The IRS did not recall Burnett, who was attending a training session in Georgia, when the trial resumed in March. The court declined to continue the trial and schedule another hearing where Burnett could be questioned. Taxpayer apparently wanted to elicit testimony about whether Burnett's affidavit in support of the search warrant was based on grand jury testimony in violation of Fed.R.Crim.P. 6(e). In place of Agent Burnett, the IRS called FBI Agent Palmer to testify about the 6(e) allegations. Palmer had been the lead agent in the organized crime drug enforcement task force and had presented the task force's information to the grand jury. He testified that the affidavits submitted in support of the search warrant for Bonacci's home were based entirely on information obtained through an investigation conducted prior to the grand jury rather than information obtained through the grand jury. Taxpayer cross-examined Agent Palmer about the 6(e) allegations and recalled him the next day for further questioning.
 
 
 12
 The trial court has broad discretion in setting the limits of cross-examination, Leeper v. United States, 446 F.2d 281, 288 (10th Cir.1971), cert. denied, 404 U.S. 1021 (1972), and deciding to grant or deny a continuance, Scott v. Reynolds, 975 F.2d 1473, 1475 (10th Cir.1992). The judge did not abuse his discretion in this case where: (1) he determined the evidence was legally irrelevant, (2) Agent Burnett never gave substantive testimony on direct examination, (3) Agent Palmer testified to the relevant issue and was cross-examined by the taxpayer, and (4) the taxpayer had already moved to exclude Burnett's testimony.
 
 
 13
 The judgment of the Tax Court is AFFIRMED and Appellant's request for a new trial is DENIED.
 
 
 
 *
 Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3