986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darren Wayne LEE, Plaintiff-Appellant,
v.
Elmer SHEPHARD; Johnny Cannon; Wagoner County; Bruce
Sewell; Gary Huggins; Wagoner County Health
Department; State of Oklahoma, Jail
Inspector, Defendants-Appellees.
 No. 92-7029.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Darren Wayne Lee appeals an order of the district court dismissing his pro se civil rights complaint challenging the conditions of his confinement in the Wagoner County jail, Wagoner County, Oklahoma. Mr. Lee named seven defendants: the jail inspector for the state of Oklahoma; the assistant prosecuting district attorney, Mr. Gary Huggins; the state sentencing judge, Judge Bruce Sewell; Wagoner County; Wagoner County Health Department; Mr. Elmer Shephard, the county sheriff; and Mr. Johnny Cannon, the county undersheriff. Mr. Lee complains on appeal that (1) the Martinez report, filed by Wagoner County, did not comply with the magistrate judge's order, and (2) the district court failed to enforce the rules of discovery so that Mr. Lee could obtain access to documents held by appellees. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Asserting violations of the Eighth and Fourteenth Amendments, Mr. Lee complained that he suffered mental anguish, pain and suffering, emotional distress, and physical and mental abuse, due to the conditions of his confinement in the Wagoner County jail. The conditions he complained of were (1) overcrowding; (2) poor food conditions without dietary or sanitary considerations; (3) negligent medical treatment; (4) roach-infested cells that lacked proper heating and ventilation; (5) broken toilets; and (6) physical assault and intimidation from placement of Department of Correction inmates in cells with Mr. Lee and other unconvicted county inmates. Mr. Lee also complained that he was denied access to law books.
 
 
 4
 Appellants moved to dismiss Mr. Lee's complaint. The magistrate judge treated the motions to dismiss as motions for summary judgment. The parties were advised that they had twenty days to submit any additional material. Neither Mr. Lee, nor any of the defendants, submitted additional material.
 
 
 5
 The magistrate judge concluded that the state sentencing judge has judicial immunity from Mr. Lee's claims; the claim against the Oklahoma jail inspector fails on Eleventh Amendment grounds; Mr. Lee is not entitled to injunctive relief because he was no longer in custody; and Mr. Lee cannot obtain compensatory damages because he failed to assert "any allegations regarding a culpable state of mind on the part of Defendant prison officials." R., doc. 49, at 2. The magistrate judge recommended that the case be dismissed. The district court adopted the magistrate judge's findings and recommendations, and dismissed the complaint.
 
 
 6
 We review summary judgment de novo, applying the same legal standard used by the district court. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). We view the evidence in the light most favorable to the party opposing summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Cir.P. 56(c).
 
 
 7
 Mr. Lee complains of defendants' "blatant disregard for following lower court's guidelines for special report." Appellant's Br. at 2. The special report to which Mr. Lee refers is the Martinez report that the magistrate judge ordered defendants to file.[1] In dismissing Mr. Lee's complaint, however, the district court did not rely on any information in the Martinez report. Because the Martinez report was not the basis of the district court's decision, Mr. Lee's argument that the allegedly inadequate report warrants reversal is without merit.
 
 
 8
 Mr. Lee also argues that the district court failed to enforce discovery rules. He maintains that if he had access to materials held by defendants, he would have been able to substantiate his claims. However, the district court did not dismiss Mr. Lee's complaint because he failed to substantiate his claims; the dismissal was based on Mr. Lee's failure to allege a culpable state of mind on the part of the prison officials.
 
 
 9
 Except for Mr. Lee's claim that he was denied access to law books, all of his claims challenge the conditions of his confinement.[2] An Eighth Amendment cruel and unusual punishment challenge to the conditions of confinement requires a culpable state of mind amounting to "deliberate indifference" on the part of prison officials. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). With the exception of the medical treatment claim, we agree that Mr. Lee failed to allege that prison officials acted with the requisite culpable state of mind.
 
 
 10
 Mr. Lee argues that he could have supported his claims if he were allowed proper discovery. However, Mr. Lee could have avoided summary judgment without the requested documents by submitting his own affidavit describing his personal knowledge of acts by prison officials which would be indicative of their deliberate indifference. Because the district court's denial of discovery did not preclude Mr. Lee from surviving summary judgment, we find no abuse of discretion in the district court's denial of discovery. See Green v. Johnson, 977 F.2d 1383, 1391 (10th Cir.1992) (district court's denial of discovery constitutes abuse of discretion only when denial precludes a fair trial).
 
 
 11
 We now consider whether the district court appropriately dismissed the medical treatment claim. Mr. Lee alleged in his complaint that when he entered the prison with a knife wound, prison guards denied him medical treatment. Furthermore, he alleged that when he finally received treatment from his own physician, the prison guards prevented him from receiving some of his prescribed medication. Mr. Lee claimed, "I was ... refused medication prescribed for me." R., doc. 3 at 5. Mr. Lee's only allegation concerning the seriousness of his condition was that his wound "became highly infected and turned gangrous [sic]" before he was finally treated by his personal physician.
 
 
 12
 Assuming that, by these allegations, Mr. Lee has established a culpable state of mind on the part of prison officials, he has, nonetheless, failed to establish he suffered a serious consequence from the prison officials' actions. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (prisoner advancing a claim of inadequate medical care must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs") (emphasis added). For summary judgment purposes, we assume as true Mr. Lee's allegations that his wound turned gangrenous and went mostly untreated.[3] We know nothing, however, about the location or severity of his wound, whether his infection required further treatment as a result of not receiving all of his medicine, or whether he was temporarily or permanently disabled from the lack of medical treatment. Despite twice being given the opportunity to submit supporting affidavits, Mr. Lee failed to substantiate the seriousness of his medical condition. His personal affidavit would have sufficed, as Mr. Lee possessed personal knowledge of his own medical condition and of the consequences he suffered from inadequate treatment. Because Mr. Lee could have avoided summary judgment on this issue by submitting his personal affidavit, we find no abuse of discretion in the district court's denial of discovery of documents related to his medical condition. Accordingly, the district court correctly granted summary judgment on the medical treatment claim.
 
 
 13
 We reject Mr. Lee's final claim on appeal that he is entitled to equitable relief. His claims for equitable relief are moot because he has been released from confinement. See Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir.1991) (plaintiff must demonstrate "good chance of being likewise injured in the future").[4]
 
 
 14
 Finally, we consider whether the district court correctly dismissed Mr. Lee's claim that he was denied access to legal materials. " 'Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation.' " Green, 977 F.2d 1389 (quoting Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir.1986)). Mr. Lee alleged that the sheriff did not comply with his requests for photocopies of six cases and three statutes. After reviewing the record we find that any delay in receiving these research materials did not amount to a denial of Mr. Lee's access to the courts. Meaningful access to the court does not require total or unlimited access. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Meaningful access to the courts is satisfied when assistance is provided through the completion of the complaint for a civil rights action. Nordgren v. Milliken, 762 F.2d 851, 855 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). While Mr. Lee was still incarcerated, he filed his pro se § 1983 action, complete with legal arguments and citations in support of his claims. Under these circumstances, Mr. Lee has failed to substantiate his claim that he was denied access to the courts. Summary judgment was, therefore, appropriate on this claim.
 
 
 15
 After examining the record we find no basis of error upon which to reverse. The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED.
 
 
 
 *
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), this court approved of the district court's order for prison officials to file a special report. The report aids the district court in making preliminary decisions about whether a prisoner's complaint has any factual or legal basis. See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992). The report is known as a Martinez report
 
 
 [2]
 We need not consider Mr. Lee's allegations of injury to other prisoners because Mr. Lee must assert his own legal rights and cannot rest his claim on the interests of others. See Housing Auth. of Kaw Tribe of Indians v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir.1991), cert. denied, 112 S.Ct. 1945 (1992)
 
 
 [3]
 Mr. Lee swore under penalty of perjury that the information contained in his complaint was true and correct. His declarations, therefore, have the force and effect of a sworn affidavit. 28 U.S.C. § 1746
 
 
 [4]
 Mr. Lee suggests that he is entitled to injunctive relief against the jail inspector. We disagree. The district court correctly determined that the jail inspector is immune from this suit under the Eleventh Amendment. See Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992)