35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe Don SMITH, Plaintiff-Appellant,
and
David W. mcCotter, Byron D. Petersen, Plaintiffs,
v.
Lane McCOTTER, Director, Utah Department of Corrections,
Utah State Prison, Defendant-Appellee.
 No. 94-4078.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joe Don Smith filed a pro se complaint under 42 U.S.C.1983 against the Director of the Utah Department of Corrections alleging "[t]he law library at the Utah State Prison does not meet the minimum requirements set by Bounds v. Smith [sic] and the Contract Attorney's [sic] will not provide research materials." He detailed his complaint alleging the prison library was constitutionally deficient because the library had only
 
 
 3
 one typewriter for 576 inmates, no copiers, paper, pencils, mail recite [sic] cards, no available forms or persons to help with civil or criminal matters, and law books recieved [sic] from outside agencies, which are a year or more behind current legal citings, and a program of contract attorney's [sic] that will do nothing but provide packets for the inmates to fill out themselves and will not provide case citings needed to prepare the packets they have received.
 
 
 4
 The magistrate judge to whom the case was referred reviewed the pleadings and concluded the complaint was frivolous. He determined each of the matters raised as constitutional deprivations has already been decided to the contrary by this court and concluded there was no matter presented in the complaint that was subject to litigation. The district court adopted the recommendation and entered an order of dismissal. This appeal followed.
 
 
 5
 Our review discloses the district court committed no error. We have indeed held a prisoner has no constitutionally protected right to a typewriter, Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir.1978); or a copy machine, and a library of unlimited capacity, Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980). Moreover, we long ago approved the Utah system of contract attorneys as a means of acquitting the state's responsibility for providing prisoners access to the courts. Nordgren v. Milliken, 762 F.2d 851, 855 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). Finally, forms needed for judicial filings are available from the appropriate court, and postal receipt cards are available from the postal service. Because all of the constitutional deprivations alleged by Mr. Smith have been resolved against him in prior actions, the district court properly concluded dismissal was proper. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470