54 F.3d 613
 Wayne P. CARPER, Robert Henry Werner, Harvey Wayne Dorton,
Andrew J. Conti, Jr., Donald R. Allen, William Babbel, Julio
Gary Valdez, personally and on behalf of a class of
similarly situated, Plaintiffs-Appellees/Cross-Appellants,
v.
Gary W. DeLand, Director, Utah State Department of
Corrections; Tamara M. Holden, Warden, Southpoint
Facility, Utah State Prison,
Defendants-Appellants/Cross-Appellees.
 Nos. 94-4144, 94-4153.
 United States Court of Appeals,
Tenth Circuit.
 May, 3, 1995.
 
 Brian M. Barnard (John Pace, Joro Walker with him on the brief), Utah Legal Clinic, Salt Lake City, UT, for plaintiffs-appellees/cross-appellants.
 Brent A. Burnett, Asst. Atty. Gen. (Frank D. Mylar, Asst. Atty. Gen., Jan Graham, Atty. Gen., with him on the brief), State of Utah, Salt Lake City, UT, for defendants-appellants/cross-appellees.
 Before MOORE, BRIGHT,* and BALDOCK, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 Defendants Gary W. DeLand, Executive Director of the Utah Department of Corrections ("UDC"), and Tamara Holden, Warden at Utah State Prison ("USP"), appeal and Plaintiffs cross-appeal the magistrate judge's[1] entry of summary judgment in Plaintiffs' 42 U.S.C. Sec. 1983 class action challenging the constitutionality of the USP plan for providing inmate access to the courts. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and reverse.
 
 
 2
 Plaintiffs Wayne P. Carper, Robert Henry Werner, Harvey Wayne Dorton, Andrew J. Conti, Jr., Donald R. Allen, William Babbel, and Julio Gary Valdez are representatives of a class of inmates at USP who seek access to federal and state courts.[2] The record before us reveals that prior to the instant controversy Defendants arranged for private attorneys to furnish legal assistance to Plaintiffs in habeas corpus actions, civil rights actions, and general civil matters--such as wills, divorces, workers' compensation, and creditor-debtor disputes--in order to provide Plaintiffs with access to the courts. Defendants supplied and continue to supply attorney assistance to Plaintiffs in lieu of maintaining an inmate law library at USP.
 
 
 3
 In July 1990, Defendant DeLand revised the legal services policy at USP to curtail costs while still providing Plaintiffs with what he argues was a constitutional level of legal assistance. Defendant DeLand executed a legal services plan ("legal services plan") with two private attorneys who agreed to assist Plaintiffs in the preparation and filing of: (1) state or federal petitions for writs of habeas corpus, and (2) initial pleadings in civil rights actions regarding the conditions of confinement of a UDC inmate in a UDC facility or county jail. Unlike the prior policy, the legal services plan did not provide Plaintiffs with attorney assistance in general civil matters. Further, the legal services plan did not furnish assistance beyond the initial pleading or petition stage.
 
 
 4
 On November 26, 1990, Plaintiffs filed an amended complaint, seeking a declaratory judgment that Defendants had violated their constitutional right of access to the courts by failing to provide attorney assistance under the legal services plan for general civil matters in addition to habeas corpus and civil rights actions. Plaintiffs sought injunctive relief requiring Defendants to provide full and adequate attorney assistance beyond the initial pleading or petition stage in all civil actions.
 
 
 5
 Both parties moved for summary judgment. Defendants argued, inter alia, that the legal services plan satisfied constitutional requirements under settled Tenth Circuit precedent because it provided attorney assistance to inmates for the preparation of state or federal petitions for writs of habeas corpus, and for the preparation of initial pleadings in civil rights actions regarding conditions of current confinement. Because the legal services plan supplied a constitutional level of legal assistance, Defendants contended they were entitled to summary judgment as a matter of law.
 
 
 6
 Plaintiffs maintained that the legal services plan unconstitutionally restricted their access to the courts by not providing attorney assistance in general civil matters. Specifically, Plaintiffs argued that because USP opted to supply legal assistance in lieu of an inmate law library, the constitution mandated that USP provide attorney assistance for general civil legal matters, including divorce actions, personal injury actions, civil rights actions against non-UDC employees or agents, workers' compensation claims, breach of contract claims, petitions for writs of certiorari to the United States Supreme Court, legal research and assistance for pro se civil rights actions, small claims court actions, legal research and assistance for pro se criminal appeals, adoptions, name changes, termination of parental rights actions, and collection matters. Further, Plaintiffs contended the policy of limiting attorney assistance to the initial pleading or petition stage trenched upon their constitutional right of access to the courts.
 
 
 7
 On May 6, 1994, the magistrate judge granted, in part, Plaintiffs' motion for summary judgment and ruled that the legal services plan provided "insufficient legal assistance to meet constitutional requirements." The magistrate judge granted injunctive relief to Plaintiffs and ordered Defendants "to provide legal assistance through the preparation and filing of the initial complaint or pleading in all civil rights cases and matters that involve fundamental interests requiring due process such as proceedings to terminate parental rights, divorces, workers' compensation claims, and complaints in small claims court involving claims of deprivation of property by persons acting under color of state law." The magistrate judge, however, rejected Plaintiffs' argument that Defendants were required to supply attorney assistance for pro se criminal appeals, petitions for writs of certiorari before the United States Supreme Court, name changes, personal injury matters, breach of contract claims, and collection matters. Finally, the magistrate judge ruled that Defendants were not constitutionally required to furnish attorney assistance after the preparation and filing of an initial complaint, petition, or responsive pleading. Defendants appealed and Plaintiffs cross-appealed the magistrate judge's ruling.
 
 
 8
 On appeal, Defendants argue the magistrate judge ignored our precedent and thereby erred in ruling on summary judgment that the legal services plan did not furnish a constitutionally acceptable level of legal assistance. On cross-appeal, Plaintiffs contend the magistrate judge erred in ruling that Defendants were not required to provide legal assistance for Plaintiffs: (1) in collection, personal injury, and breach of contract actions, and (2) beyond the initial pleading stage.
 
 
 9
 "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995). Summary judgment is proper only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Frandsen, 46 F.3d at 977.
 
 
 10
 "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); see also Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir.1993).[3] "[S]tates have 'affirmative obligations' to assure all inmates such access ... 'by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir.1980) (quoting Bounds, 430 U.S. at 824, 828, 97 S.Ct. at 1496, 1498), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). The states may "choose among a variety of methods or combinations thereof in meeting their constitutional obligations." Id. at 583; see also Bounds, 430 U.S. at 830-32, 97 S.Ct. at 1499-1500.
 
 
 11
 A state may elect to provide legal assistance to inmates in lieu of maintaining an adequate prison law library. Petrick, 11 F.3d at 995. Legal assistance, however, does not necessarily entail assistance from a lawyer. See Knop v. Johnson, 977 F.2d 996, 1006 (6th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1415, 122 L.Ed.2d 786 (1993). Indeed, the Supreme Court specified that a state delivers constitutionally sufficient legal assistance by supplying "adequate assistance from persons trained in the law," Bounds, 430 U.S. at 828, 97 S.Ct. at 1498, such as inmate law clerks, paralegals, law students, volunteer attorneys, or staff attorneys. Id. at 831, 97 S.Ct. at 1499-1500.
 
 
 12
 A state's affirmative obligation to assure its inmates access to the courts through legal assistance requires it to provide "persons trained in the law," id. at 828, 97 S.Ct. at 1498, to aid inmates in the preparation of state or federal petitions for writs of habeas corpus or initial pleadings in civil rights actions challenging conditions of current confinement. See Nordgren v. Milliken, 762 F.2d 851, 855 (10th Cir.) ("[W]e are persuaded that we should not hold that the right of access to the courts requires more than the assistance of counsel through completion of the complaint for a federal habeas or civil rights action."), cert. denied, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); Bee v. Utah State Prison, 823 F.2d 397, 398 (10th Cir.1987) (same); Ward v. Kort, 762 F.2d 856, 860-61 (10th Cir.1985) (state mental hospital officials need only supply mental patients under commitment with legal assistance through the completion of a federal habeas corpus petition or civil rights complaint); Knop, 977 F.2d at 1009. Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters. E.g., Nordgren, 762 F.2d at 855; Knop, 977 F.2d at 1009. Although a state has no affirmative duty to assist an inmate in other civil matters, the state "may not erect barriers that impede the right of access of incarcerated persons." John L. v. Adams, 969 F.2d 228, 235 (6th Cir.1992).
 
 
 13
 Further, an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus. See Bounds, 430 U.S. at 828 n. 17, 97 S.Ct. at 1498 n. 17 ("[O]ur main concern here is 'protecting the ability of an inmate to prepare a petition or complaint....' ") (quoting Wolff v. McDonnell, 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974)); Love v. Summit County, 776 F.2d 908, 914 (10th Cir.1985) ("The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts ... to apply further than protecting the ability of an inmate to prepare a petition or a complaint.' ") (alteration in original) (quoting Wolff, 418 U.S. at 576, 94 S.Ct. at 2984), cert. denied, 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986); Nordgren, 762 F.2d at 855. "Once an inmate gains access to the court through a properly prepared and filed initial pleading, the court will then be in a position to determine whether the claim has any merit and whether the issues raised are unusually complex." Bee, 823 F.2d at 399. The "district court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. Sec. 1915(d)." Id.; see also Ward, 762 F.2d at 860-61.
 
 
 14
 With these well-established principles in mind, we conclude that Defendants' legal services plan in the instant case delivers constitutionally adequate legal assistance to Plaintiffs. Defendants elected to satisfy the State of Utah's affirmative obligation to assure its prisoners access to the courts by providing legal assistance in lieu of an inmate law library. The constitution mandates only that Defendants supply persons trained in the law to assist Plaintiffs in the preparation of state or federal petitions for writs of habeas corpus, or the initial pleadings in civil rights actions challenging the conditions of current confinement. E.g., Nordgren, 762 F.2d at 855; Bee, 823 F.2d at 398. Defendants hired attorneys to assist Plaintiffs in preparing and filing state or federal petitions for writs of habeas corpus, and initial pleadings in civil rights actions challenging the conditions of current confinement in a UDC facility. In accord with settled precedent, the legal services plan satisfies Defendants' affirmative obligation to assure its prison inmates access to the courts through legal assistance. See Nordgren, 762 F.2d at 855; Bee, 823 F.2d at 398; Ward, 762 F.2d at 860-61; Knop, 977 F.2d at 1009. Contrary to the magistrate judge's ruling and Plaintiffs' arguments on cross-appeal, Defendants are not constitutionally required to supply legal assistance to Plaintiffs in civil matters other than petitions for writs of habeas corpus or initial pleadings in civil rights actions challenging the conditions of current confinement. Finally, despite Plaintiffs' arguments on cross-appeal, Defendants are not constitutionally obligated to supply assistance beyond the initial pleading or preparation of a petition stage. E.g., Nordgren, 762 F.2d at 855; Bee, 823 F.2d at 398. Thus, we dismiss Plaintiffs' cross-appeal.
 
 
 15
 In conclusion, we hold the magistrate judge erred in ruling that the legal services plan provided "insufficient legal assistance to meet constitutional requirements." We therefore VACATE the injunctive relief granted by the magistrate judge, REVERSE the entry of summary judgment in favor of Plaintiffs, and REMAND with instructions to enter summary judgment in favor of Defendants.
 
 
 16
 REVERSED.
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Upon the consent of the parties, the case was tried before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 Pursuant to Fed.R.Civ.P. 23, the magistrate judge certified Plaintiffs as representatives of a class of "all current inmates who seek to exercise their legal rights in all federal and state civil rights claims, constitutional claims, habeas corpus and other legal matters that are so fundamental as to require due process of law and legal assistance ... through the initial stages."
 
 
 [3]
 Bounds did not identify the constitutional source of the right of access to the courts. See Bounds, 430 U.S. at 833, 97 S.Ct. at 1500-01 ("The Court leaves us unenlightened as to the source of the 'right of access to the courts'....") (Burger, C.J., dissenting). We have traced, however, the roots of the right of access to the courts to several constitutional provisions. See Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir.1993) (Fourteenth Amendment); Ward v. Kort, 762 F.2d 856, 858 (10th Cir.1985) (Fifth and Fourteenth Amendments); Nordgren v. Milliken, 762 F.2d 851, 853 (10th Cir.) (Privileges and Immunities Clause of Article IV, First Amendment right to petition for redress of grievances, Fifth Amendment, and Fourteenth Amendment), cert. denied, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); see also John L. v. Adams, 969 F.2d 228, 231 (6th Cir.1992) (surveying case law detailing constitutional sources of right of access to the courts)