**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REV. APPLESEED NAPTHALI
JESUSDAUGHTER,

      Plaintiff-Appellant,

v.

BARBARA McDONNELL, GEORGE
KAWAMURA, HAROLD CARMEL,
ROBERT HAWKINS, ALBERT
SINGLETON, JOHN OLIN, NORMA
ADAMSON, JAKOB CAMP, DAVID
JOHNSON, LEE ARGUELLO, ABEL
MANZANARES, KAAREEN
ARRIAGA, AGATHA JACKSON,
JANICE HOOVER, LINDA DOTSON,
JIM BRAMALL, THEODORE
QUINTANA, CATHY VIGIL, LEE
SMITH, CHARLES BENNETT,
JAMES MARSHALL, YVONNE
LOPEZ, KARL MALDONADO,
KRISTINA TOFOYA, and JOSE
MEDINA,

      Defendants-Appellees.

No. 99-1092
(D.C. No. 96-D-1831)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant appeals from summary judgment granted in favor of defendants on her civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

At the time suit was filed, plaintiff was incarcerated at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP).  All defendants are present or past employees or officials at CMHIP or the Colorado Department of Human Services.  Plaintiff alleges in her *pro se* complaint that various staff members at CMHIP violated her civil rights while acting in their official capacities and under color of state law.  She requests monetary damages of $100,000 per defendant in the complaint, and in March 1997 also filed a motion for preliminary injunction.  The magistrate judge to whom the case was assigned traveled to CMHIP and held an evidentiary hearing on plaintiff's motion for preliminary injunction in July 1997.  *See* Appellee's App. Vol. I at 43.  After the hearing, he recommended denial of

the motion for injunction, and the district court adopted this recommendation. *See id.* at 47.

Defendants then filed motions to dismiss and for summary judgment together with affidavits and medical records, and plaintiff submitted various affidavits and other documents she alleged support her claims. After considering the record and the July 1997 hearing testimony, the magistrate judge recommended granting either the motion to dismiss and/or summary judgment on plaintiff's claims on several bases: [1] (1) there was no evidence to support plaintiff's claims that certain defendants personally participated in alleged violations of her constitutional rights, *see id.* Vol. II at 449; (2) there was no evidence that inappropriate professional judgments were made regarding her medications or the need to place her in seclusion when she refused to take medication and became "out of control," *see id.* at 450; (3) no evidence supported her claim that her constitutional rights were violated as to involuntary medication, *see id.* at 450-51; (4) no evidence supported plaintiff's claim that the diet prescribed for her high triglyceride levels for a short period of time violated her constitutional rights, *see id.* at 451-52; (5) no evidence supported plaintiff's claim that she had been unconstitutionally denied physical therapy, *see id.* at 452; (6) no

---

[1] Although the magistrate judge did not number his proposed findings, we do so for ease of reference, and it is these numbers that are referred to in the rest of this order and judgment.

evidence supported plaintiff's claim that she was denied her right to practice her religion, she has no constitutional right to evangelize at the facility, and her methods of loudly proselytizing to others confined at the facility were properly curtailed under the circumstances, *see id.* at 453-54; (7) no evidence existed supporting plaintiff's claims that defendants had denied her mail, *see id.* at 454; (8) no evidence existed to support plaintiff's violation of due process claim regarding grievances, *see id.* at 455; (9) no evidence supported plaintiff's claim that she was the victim of retaliation as a result of filing this lawsuit or her many grievances, *see id.*; and (10) damage claims against state employees sued in their official capacities were barred by the Eleventh Amendment, *see id.* at 456. After carefully reviewing the recommendations and the record, the district court adopted the findings and recommendations and granted the motion for summary judgment. *See id.* Vol. I at 4-5.

On appeal, plaintiff argues that the district court's judgment was biased and prejudicial because she is a *pro se* litigant with a mental impairment. She also claims that the court improperly refused to appoint legal counsel, failed to properly address motions, and allowed evidence to be removed from the court clerk that proved all her allegations of abuse. She requests review of the full record of proceedings, petitions, and evidence, and reversal of the district court.

We review the district court's grant of summary judgment de novo.

*See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

In conducting that review,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine [whether] the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Id.* (quotations and citations omitted). The movant need not negate the nonmovant's claim, but need only point to an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[I]t is not enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (citation omitted). There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We have reviewed the whole record, including all of plaintiff's documents submitted on appeal and the tapes of the evidentiary hearing. There is no substance to plaintiff's claim that evidence proving her allegations, specifically

a pillow slip that she submitted to the district court, has been removed from the district court record. The pillow slip is in the record as Exhibit D to Document 89. There is also nothing to support her claims that the district court was biased or prejudiced against her because she is *pro se* with a mental impairment. Further, the court properly denied her request for appointment of legal counsel. The district court was able to determine whether plaintiff's claim had merit and whether the issues raised were unusually complex, and did not abuse its discretion by deciding that further assistance was not needed. *See Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

We conclude that the district court properly dismissed defendants McDonnell, Kawamura, Carmel, Hawkins, Singleton, Bennett, Vigil, and Olin for lack of personal participation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[P]ersonal participation is an essential allegation to a § 1983 claim.") (quotation omitted). As to the other specific findings in the recommendation cited above, we conclude that findings 1, 2, 4, 5, 6, 9, and 10 are well supported by the record, and dismissal of the causes of action associated with those findings was proper.

It is unclear from plaintiff's complaint whether defendants were sued in their individual as well as official capacities. Whether they are sued in their individual capacities is relevant only to adopted findings 3, 7, and 8. We have

reviewed the course of proceedings as required by *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and conclude that defendants were sued only in their official capacities. We hold that the district court correctly determined that plaintiff's claims for monetary damages against *all* defendants in their official capacities may not be entertained in federal court, and all of plaintiff's claims were therefore properly dismissed. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that the Eleventh Amendment bars suits in federal court "by private parties seeking to impose a liability which must be paid from public funds in the state treasury").

Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is granted. The judgment of the district court is **AFFIRMED**.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-7-