**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLAY ALEXANDER,

       Plaintiff - Appellant,

v.

MARY MULLARKEY, as Chief
Justice for Colorado Supreme Court,

       Defendant - Appellee.

No. 09-1174
(D.C. No. 09-cv-00379-ZLW)
(D. Colo.)

---

**ORDER & JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Clay Alexander appeals the dismissal of his complaint filed under 42 U.S.C

§ 1983 and moves this court to allow him to proceed *in forma pauperis* ("IFP") on

appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the

district court's order of dismissal and **DENY** Mr. Alexander's motion to proceed

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the Appellant's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

IFP.[1]

## BACKGROUND

Mr. Alexander, a Colorado state prisoner, filed a pro se § 1983 complaint, alleging that he is being denied his constitutional right of access to the courts because the Colorado courts have failed to appoint counsel for his state court postconviction relief proceedings. Mr. Alexander named Mary Mullarkey, the Chief Justice of the Colorado Supreme Court, as the defendant and asked that an injunction be issued directing her to stop denying him his right to counsel. Alternatively, he requested a declaration that he has satisfied the exhaustion requirement for seeking federal habeas corpus relief. The district court dismissed the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Alexander now appeals.

## DISCUSSION

An action is frivolous under § 1915(e)(2)(B)(i) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (alteration in original) (internal quotation marks omitted). "We generally review a district court's dismissal for frivolousness under § 1915 for abuse of

---

[1] Because Mr. Alexander is proceeding pro se, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). "However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Id.*

Mr. Alexander "seeks [an] injunction in [the] form of [an] order for access to counsel, so that he can file [an] adequate petition for certiorari in Colorado's supreme court." *See* Aplt. Br. at 5. Since Mr. Alexander is proceeding under § 1983, he must allege that some person acting under color of state law has deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" (quoting 42 U.S.C. § 1983)); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).

Mr. Alexander's claim is frivolous because it is well settled that there is no constitutional or other federal right to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "States have no obligation to provide [postconviction] relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Id.* at 557 (citation omitted). Therefore, Mr. Alexander has failed to assert an actionable claim pursuant to § 1983, and the

district court properly dismissed his claim as frivolous.[2]

Mr. Alexander also requests that we "issue a judgment holding that [he] has exhausted state remedies and may file under federal habe[a]s corpus." Aplt. Br. at 5. We deny this request. "It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies." *United States v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999) (internal quotation marks omitted). Since Mr. Alexander does not seek habeas relief, any statement from us concerning whether he exhausted state remedies clearly would be an improper advisory opinion.

Finally, Mr. Alexander seeks leave to proceed IFP. Because he has failed to demonstrate the existence of "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny his request.

---

[2] To the extent Mr. Alexander makes a distinct argument that state authorities unconstitutionally denied him access to the courts, we agree with the district court's conclusion: this argument is patently frivolous. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.").

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment, **DENY** Mr. Alexander's request to proceed IFP, and order him to make immediate payment of the unpaid balance due.[3]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3] We deny all of Mr. Alexander's pending motions, which essentially seek expedited consideration of his appeal, as moot.