**STATE of Utah, Plaintiff and Appellee,**

v.

**C. Randall HOUK, Defendant and Appellant.**

**No. 950539–CA.**

Court of Appeals of Utah.

Nov. 22, 1995.

Richard A. Van Wagoner, Camille N. Johnson, and Julianne P. Blanch, Salt Lake City, for Appellant.

J. Kevin Murphy and Jan Graham, Salt Lake City, for Appellee.

Before ORME, GREENWOOD and WILKINS, JJ.

## OPINION

**PER CURIAM:**

This matter is before the court on the State's "Cross Motion for Summary Affirmance." We affirm.

## BACKGROUND

Houk was charged with thirty-four counts of theft and misusing public money while acting as the principal of Grantsville High School. He pled guilty to four counts (two for theft and two for misuse of public funds), all third degree felonies. In exchange, the remaining counts were dismissed.

Adult Probation and Parole recommended that Houk pay $9,591.96 in restitution and spend a month in jail, to be stayed upon successful completion of community service. At sentencing, the trial court accepted the recommendation for restitution but increased the jail term to nine months. Houk then moved to modify his sentence, and a hearing was held two weeks later. It was at this hearing that the trial court made statements that Houk claims were discriminatory and that form the basis of his appeal. Specifically, the trial court stated:

> And in your case, nine months is not a tough—is not any length of time for what you did, just not any—I mean—and I went over your pre-sentence report, I read all your—and that's another thing that bothered me most of all, is that all these letters I get, they overlook the fact that you committed a serious crime, but those very same people, I get a black or Hispanic here that didn't do anywhere near what you did, and do you know what they want me to do? They all have got to be in prison.

> But those who can come to this Court in a white shirt and tie and suit, they expect to be treated different than that illiterate, Hispanic down there, or the black, and that's the thing that disturbs me most of all about our criminal system is that they commit a burglary and it's only—total, they may have taken a thousand dollars or less, but have committed three or four burglaries, they don't know any better.

## ISSUE

The sole issue on appeal is whether the trial court imposed a harsher sentence upon Houk, a Caucasian, because of his race.

## STANDARD OF REVIEW

We review the sentencing decisions of a trial court for abuse of discretion. *State v. Nuttall,* 861 P.2d 454, 456 (Utah App. 1993). Abuse of discretion "may be manifest if the actions of the judge in sentencing were 'inherently unfair' or if the judge imposed a 'clearly excessive sentence.'" *State v. Wright,* 893 P.2d 1113, 1120 (Utah App.1995) (citations omitted). An appellate court may only find abuse "if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.*

## ANALYSIS

Houk contends that he was singled out for uniquely harsh treatment and that statements made by the trial court "strongly suggest" he received a more severe sentence because of his race. The State contends that Houk has not shown that "he received an intentionally race-disparate sentence" because the statements "do no more than express the trial court's intention to not give Houk an advantage over minority-race defendants." The State further argues that the sentencing guidelines are nonbinding and so long as the trial court's sentencing decision is within statutory limits, it has broad discretion to impose whatever sentence it considers appropriate.

The allegedly discriminatory statements were made at a hearing two weeks *after* Houk was sentenced—a fact that weakens his claim. Even if we focus on the statements Houk finds objectionable, we conclude there is insufficient evidence to support Houk's assertions. The actions of the trial court were not "inherently unfair." The trial judge did not say he was going to treat Houk worse than other defendants, only that he was going to treat him the same. This is made apparent when the trial judge's comments are reviewed in context. The record further reveals that the trial judge's sentencing decision was not made rashly but was the result of careful consideration. The exchanges between Houk and the judge do not indicate any hostility towards Houk. In fact, the judge left open the possibility that he would reconsider his denial of Houk's request for work release.

Moreover, the sentence imposed by the trial court was not a "clearly excessive sentence." *Wright,* 893 P.2d at 1120. A trial court may depart from Utah's Sentence and Release Guidelines in appropriate situations. *See* Utah Sentence and Release Guidelines, Utah Code Jud.Admin., Appx. D in Utah Ct.R.Ann. at 1294 (1995). Similarly, a trial court is not bound by the sentencing recommendations of Adult Probation and Parole or by the requests of the parties. *See State v. Carson,* 597 P.2d 862, 864 (Utah 1979); *State v. Thurston,* 781 P.2d 1296, 1300 (Utah App. 1989). Houk recognized this when he signed his plea statement which says that any sentencing recommendations or opinions of counsel are not binding upon the trial judge.

Because the trial judge could have sentenced Houk for up to five years in prison for each of the four counts, he did not exceed the legally prescribed limits. His statements, whether reviewed alone or in the context of the two hearings, do not prove discrimination. We simply cannot say, on this record, that no reasonable person would have imposed the sentence that was imposed in this case.

## CONCLUSION

Since Houk's sentence is within legally prescribed limits and we reject his argument that the trial court discriminated against him, we find no abuse of discretion. Accordingly, Houk's conviction and sentence are affirmed.

ORME, P.J., and GREENWOOD and WILKINS, JJ., concur.