2011 UT App 20

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joshua J. ERSKINE, Defendant and Appellant.**

No. 20090994–CA.

Court of Appeals of Utah.

Jan. 21, 2011.

Sherry Valdez and Stephen W. Howard, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶ 1 Joshua J. Erskine appeals his sentence for aggravated robbery, a first degree felony, and aggravated assault, a second degree felony. Erskine claims that the district court abused its discretion by sentencing him to concurrent prison terms rather than probation.

¶ 2 The decision whether to grant or deny probation rests "within the sound discretion of the judge who hears the case." *State v. Killpack,* 2008 UT 49, ¶ 59, 191 P.3d 17.

> In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion. Although courts must consider all legally relevant factors in making a sentencing decision, not all aggravating and mitigating factors are equally important, and one factor in mitigation or aggravation may weigh more than several factors on the opposite scale. Thus, several mitigating circumstances claimed by a defendant may be outweighed by a few egregious aggravating factors.

*Id.* ¶ 59 (citations and internal quotation marks omitted).

¶ 3 The district court in this case identified "aggravating factors that, in its opinion, outweighed the mitigating factors outlined by" Erskine, *see id.* ¶ 60. Those aggravating factors included the number of victims, the randomness of the attacks, and the magnitude of the injuries sustained by the victims. The presentence investigation report listed the following aggravating factors: "repetitive criminal conduct," a "serious threat of violent behavior," an "offense characterized by extreme cruelty or depravity," and "multiple charges or victims." In contrast, Erskine argued as mitigating factors his young age, his limited prior criminal history, his participation in programming while in jail, and his cooperation with the investigation of this and other offenses. Erskine argued that his choice to appear at a scheduled court hearing after being mistakenly released from jail without supervision, rather than fleeing, demonstrated that he would be amenable to probation. In light of the careful consideration by the sentencing court of the aggravating and mitigating factors and that court's clear articulation of the basis for the sentencing decision, we conclude that the sentencing court did not abuse its discretion in denying probation and imposing the statutory prison sentences for the convictions.

¶ 4 Erskine has not otherwise demonstrated that the sentence in this case exceeded statutory limits, failed to take into account all legally relevant factors, was "so inherently unfair as to constitute abuse of discretion," *id.* ¶ 59, or was "a clearly excessive sentence," *see State v. Houk,* 906 P.2d 907, 909 (Utah Ct.App.1995) (mem.) (per curiam). "An appellate court may only find abuse 'if it can be said that no reasonable [person] would take the view adopted by the trial court.'" *Id.* (quoting *State v. Wright,* 893 P.2d 1113, 1120 (Utah Ct.App.1995)).

¶ 5 Accordingly, we affirm.