2011 UT App 43

**STATE of Utah, Plaintiff and Appellee,**

v.

**Marcus Aaron BARRETT, Defendant and Appellant.**

No. 20100151–CA.

Court of Appeals of Utah.

Feb. 10, 2011.

Marcus Aaron Barrett, Ogden, Appellant Pro Se.

Before Judges DAVIS, McHUGH, and THORNE.

DECISION

PER CURIAM:

¶ 1 Marcus Aaron Barrett appeals the February 3, 2010 judgment and sentence revoking his probation in the underlying cases

and imposing the original sentences. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 An October 14, 2009 progress/violation report alleged that Barrett had violated the conditions of his probation because he tested positive for methamphetamine and opiates, admitted his drug use, and failed to obtain employment. Barrett admitted the allegations supporting the order to show cause why his probation should not be revoked. On February 3, 2010, the district court revoked probation in both of Barrett's cases and imposed the original sentences. In case number 071901902, the district court sentenced Barrett to a prison term of zero to five years at the Utah State Prison on his conviction of possession of a controlled substance, a third degree felony, and 180 days on his conviction of possession of drug paraphernalia, a class B misdemeanor, to be served at the prison concurrent with the sentence on the felony count. In case number 081901138, the district court imposed a prison term of zero to five years at the Utah State Prison on the conviction of possession of a controlled substance with intent to distribute, a third degree felony. The district court ordered that the sentences on both cases were to run concurrently and that Barrett would be given credit for time served. The district court recommended that Barrett be placed in the youth offender program and participate in drug board. Barrett appealed.

¶ 3 After Barrett admitted all allegations supporting revocation of probation in both criminal cases, the district court requested an update from Adult Probation and Parole (AP & P). Barrett did not seek to withdraw his admissions at any time prior to sentencing on February 3, 2010. At the time of sentencing in case number 071901902, the district court stated that the update revealed that Barrett had admitted to starting "to use meth and prescription pills around May of 2009, while on probation, and he continued to use daily until he was arrested." Barrett argued that he should be allowed to remain on probation while participating in a highly-structured outpatient drug treatment program. An agent from AP & P stated that material on the outpatient program had been

reviewed. However, because this was Barrett's third probation violation in two years, AP & P recommended revocation of probation and incarceration in prison. The district court agreed with the AP & P recommendation, revoked probation, and imposed the suspended sentences.

 ¶ 4 Based upon Barrett's admission to the allegations supporting probation revocation, there is no basis on which to challenge the finding that he violated his probation. Furthermore, the decision whether to grant or deny probation rests "within the sound discretion of the judge who hears the case." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17. Barrett has not demonstrated that the sentence in this case exceeded statutory limits, failed to take into account all legally relevant factors, was "so inherently unfair as to constitute abuse of discretion," *id.*, or was "a clearly excessive sentence," *see State v. Houk*, 906 P.2d 907, 909 (Utah Ct.App.1995) (mem.) (per curiam). "An appellate court may only find abuse 'if it can be said that no reasonable [person] would take the view adopted by the trial court.'" *Houk*, 906 P.2d at 909 (quoting *State v. Wright*, 893 P.2d 1113, 1120 (Utah Ct.App.1995)).

¶ 5 Accordingly, we affirm.