2011 UT App 301

**John QUAS, Petitioner and Appellant,**

v.

**UTAH BOARD OF PARDONS,
Respondent and Appellee.**

**No. 20110500–CA.**

Court of Appeals of Utah.

Sept. 1, 2011.

John Quas, Draper, Appellant Pro Se.

Before Judges McHUGH, ORME, and THORNE.

## DECISION

PER CURIAM:

¶ 1 Petitioner John Quas appeals an order dismissing his petition for extraordinary relief pursuant to rule 65B(b)(5) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 65B(b)(5). This case is before the court on a sua sponte motion for summary disposition.

¶ 2 Quas sought judicial review of an October 11, 2010 decision of the Utah Board of Pardons (the Board) granting him parole effective October 23, 2018. Quas claimed that the Board rescinded his previous parole date of October 15, 2013, and extended his parole date solely in retaliation for his request for a rehearing and that the decision was not based upon any new information that would support the parole decision.[1] The district court correctly stated that the Board's decisions involving "paroles, pardons, commutations or terminations of sentence, restitution or remissions of fines or forfeitures are final and are not subject to judicial review." Utah Code Ann. § 77–27–5(3) (Supp.2011). Therefore, judicial review is allowed on a petition seeking extraordinary relief only to review claims that a petitioner was denied procedural due process in the proceedings before the Board. *See Labrum v. Utah State Bd. of Pardons,* 870 P.2d 902, 909 (Utah 1993). Procedural due process requires that the Board provide an inmate with adequate notice to prepare for a parole hearing, an opportunity to be heard, and "copies or a summary of the information in the Board's file upon which the Board will rely in deciding whether to grant parole."

*Peterson v. Utah Bd. of Pardons,* 931 P.2d 147, 150 (Utah Ct.App.1997).

¶ 3 The district court found that the claims asserted in the petition filed by Quas challenged the Board's substantive decision on his parole and did not allege a violation of procedural due process in the Board's proceedings. Based upon the petition and its attachments, the district court determined that Quas had received notice, an opportunity to be heard, and a summary of the information considered by the Board.

¶ 4 Quas argues before this court that he adequately stated a violation of due process, although a review of the petition demonstrates that the claimed denial of due process was based upon an allegation of retaliation by rescinding and extending his parole date. Quas did not state any claim that his right to procedural due process in the parole proceedings was violated. The district court correctly determined that none of the allegations contained in the petition for extraordinary relief alleged or pleaded a procedural due process claim that could be considered by the district court in a review of the Board's actions.

¶ 5 In response to the sua sponte motion, Quas relies upon a case stating the standard of review for district court sentencing decisions. *See State v. Houk,* 906 P.2d 907, 909 (Utah Ct.App.1995). However, the instant case does not involve the review of a court's sentence, and unlike a court's sentence, the substance of the Board's parole decision is "not subject to judicial review," *see* Utah Code Ann. § 77–27–5(3). Quas also argues for the first time on appeal that he was denied meaningful access to the courts because prison contract attorneys failed to ensure that his petition for extraordinary relief was adequately pleaded.[2] This claim

---

1. Attachments to the petition for extraordinary relief included a redetermination review noting that the file included one major and one minor disciplinary item, twenty-six negative notes, and one positive note. On March 31, 2006, the Board rescinded the October 15, 2013 parole date and set the matter for rehearing in October 2010. After that rehearing, the Board set the new parole date of October 23, 2018.

2. Quas relied upon cases holding that the Utah prison's legal assistance program assisted inmates in preparation and filing of initial proceedings in federal habeas and civil rights actions and that legal assistance is not constitutionally required beyond that point to ensure access to the courts. *See Bee v. Utah State Prison,* 823 F.2d 397, 399 (10th Cir.1987); *Nordgren v. Milliken,* 762 F.2d 851, 855 (10th Cir.1985). There is no indication that Quas did not receive a similar level of assistance in this case.

was not presented to the district court, and it exceeds the scope of our review of the district court's dismissal of his petition for extraordinary relief. Therefore, we do not consider the claim further.

¶ 6 The district court did not err in dismissing the petition because it challenged the substance of the Board's decision and did not state a claim for judicial review. Accordingly, we affirm.