2011 UT App 319

**STATE of Utah, Plaintiff and Appellee,**

v.

**Roberto Joseph DURAN Jr., Defendant and Appellant.**

**No. 20100095–CA.**

Court of Appeals of Utah.

Sept. 15, 2011.

Randall W. Richards and Brittany R. Brown, Ogden, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges VOROS, CHRISTIANSEN, and GREENWOOD.[1]

## MEMORANDUM DECISION

GREENWOOD, Senior Judge:

¶ 1 Roberto Joseph Duran Jr. appeals the sentences arising out of his convictions for aggravated assault by a prisoner, a second degree felony, *see* Utah Code Ann. § 76-5-103.5(1) (2008), and assault by a prisoner, a third degree felony, *see id.* § 76-5-102.5. These convictions resulted from Duran's violent assault on three deputies while he was incarcerated at the Weber County Jail in 2007. Two of the deputies were transported to the hospital by ambulance; one was unconscious and sustained a broken jaw, a broken eye socket, and damage to his teeth.

¶ 2 "We traditionally afford the trial court wide latitude and discretion in sentencing ... [and] will set aside a sentence imposed by the trial court [only] if the sentence represents an abuse of discretion. Sentencing requires such discretion because it necessarily reflects the personal judgment of the court." *State v. Woodland*, 945 P.2d 665, 671 (Utah 1997) (citations and internal quotation marks omitted). Trial courts "are best situated to weigh the many intangibles of character, personality, and attitude, of which the cold record gives little inkling." *State v. Killpack*, 2008 UT 49, ¶ 58, 191 P.3d 17 (internal quotation marks omitted). Thus, "a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *Id.* ¶ 59 (internal quotation marks omitted). "An appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *State v. Houk*, 906 P.2d 907, 909 (Utah Ct.App.1995) (per curiam) (alteration in original) (internal quotation marks omitted).

¶ 3 Duran argues that the trial court abused its discretion because it failed to consider all legally relevant factors in reaching its sentencing decision and that it imposed an excessive sentence. He contends that under the circumstances of this case, the trial court should have sentenced him to probation rather than prison. In support of his argument, Duran asserts that the trial court failed to adequately consider his rehabilitative needs and argues that he has not been provided appropriate rehabilitation opportunities as an adult. He also asserts that the trial court did not consider the remorse he showed for his actions.[2]

¶ 4 Contrary to Duran's assertions, it is clear from the transcript of the sentencing hearing that Duran's access to treatment programs and his remorse were considered by the trial court. In fact, the trial court promised to make specific recommendations to Adult Probation and Parole in consider-

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment pursuant to Utah Code section 78A-3-103(2) (2008) and rule 11-201(6) of the Utah Rules of Judicial Administration.

2. Duran compares his situation to that of the defendant in *State v. Galli*, 967 P.2d 930 (Utah 1998), *superseded by statute on other grounds*, Utah Code Ann. § 76-3-401(1) (2002) (current version at Utah Code Ann. § 76-3-401(1) (2008)). However, *Galli* addressed the issue of whether the trial court adequately considered the statutory factors relevant to imposing consecutive sentences. *See id.* at 938. *See generally* Utah Code Ann. § 76-3-401(2) (2008). The court's holding and analysis in *Galli* is inapposite to our analysis here, where the trial court imposed concurrent sentences. *See State v. Alejandre*, 2006 UT App 137U, para. 4, 2006 WL 871541 (mem.) (per curiam) (holding that *Galli* did not apply where concurrent sentences were imposed). However, as with the question of whether to impose consecutive sentences, in determining the type and length of the sentence to impose, the trial court is expected to weigh all legally relevant factors. *See State v. Killpack*, 2008 UT 49, ¶¶ 58-59, 191 P.3d 17. *See generally State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct.App.1991) (listing the factors relevant to sentencing as "rehabilitation[,] ... deterrence, punishment, restitution, and incapacitation"). We are satisfied that the trial court appropriately weighed the legally relevant factors in this case. *See infra* ¶¶ 4-6.

ation of those factors. In response to Duran's argument regarding his need for treatment, the trial court stated that it would recommend that Duran "have access to drug counseling therapy ... [and] anger counseling therapy so long as it's provided by the prison." The court also addressed Duran's expression of remorse: "I will recommend ... that you have access to all of the benefits that the ... prison system and the parole system have to allow you an opportunity to demonstrate your goodwill that I think you're showing here today." However, the trial court specifically concluded that the remorse expressed by Duran was not sufficient to justify a lesser sentence in light of the other aggravating factors.

¶5 The aggravating factors in this case could reasonably be determined to outweigh the mitigating factors cited by Duran. Specifically, the presentence investigation report pointed out the severity of the injuries suffered by the deputies Duran assaulted, as well as Duran's extensive criminal history, much of which involved violent crime. The trial court also discussed the need to "protect th[e] community from [Duran's] bad behavior." "Although courts must consider all legally relevant factors in making a sentencing decision, not all aggravating and mitigating factors are equally important, and [o]ne factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *Killpack*, 2008 UT 49, ¶59, 191 P.3d 17 (alteration in original) (internal quotation marks omitted). Furthermore, although "the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest," a "defendant is not entitled to probation." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct.App.1991). Here, the trial court ultimately determined that "with the nature and degree of th[e] offenses and the extensive nature of [Duran's] record," it had "absolutely ... no choice" but to order prison rather than probation. Given the broad discretion afforded to trial courts in making sentencing decisions, we have no ba-

sis for concluding that the trial court's decision in this case was inherently unfair or excessive, *see Killpack*, 2008 UT 49, ¶58, 191 P.3d 17, or that "no reasonable [person] would take the view adopted by the trial court," *Houk*, 906 P.2d at 909 (alteration in original) (internal quotation marks omitted).[3]

¶6 Therefore, we conclude that the trial court adequately considered all legally relevant factors in reaching its sentencing decision and that it did not abuse its discretion in sentencing Duran to prison rather than probation. Affirmed.

¶7 WE CONCUR: J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN, Judges.

---

3. The trial court's sentence of prison rather than probation was also consistent with the recommendation of Adult Probation and Parole.